## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.: 1:12-cv-03225-RBJ-KMT**

BRIAN EDMOND BATH,

Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,
a Kansas corporation;

PAUL J. GRINBERG;

JOHN AND JANE DOES (1-100),

Defendants.

---

### DEFENDANTS' MOTION TO DISMISS

---

COME NOW Midland Credit Management and Paul J. Grinberg (collectively the "Defendants"), by and through thier counsel of record, and for their Motion to Dismiss ("Motion") pursuant to Fed.R.Civ.P. 12(b)(6), states as follows:

### CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCiv.R 7.1

The undersigned certifies that, pursuant to D.C.COLO.LCivR 7.1A, the undersigned believes conferral with Plaintiff on a Motion to Dismiss would be pointless as Plaintiff does not believe this case should be dismissed.

### INTRODUCTION

Plaintiff filed a Complaint in this matter on or about November 23, 2012. Defendant removed the matter to this Court on December 11, 2012. See, Docket No. 1. Plaintiff's Complaint alleges Defendant committed Constructive Fraud – Count I; Unjust Enrichment –

Count II; and violated the Fair Credit Reporting Act ("FCRA") – Counts III and IV.  See, Plaintiff's Complaint, pgs. 4-7.

## STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, "[c]ourts must evaluate whether the complaint contains enough facts to state a claim to relief that is plausible on its face." See, Casanova v. Ulibarri, 595 F.3d 1120, 1124 (10th Cir. 2010).

A plaintiff is required to make factual allegations and cannot simply rely on conclusory recitations of law.  See, Kan. Penn Gaming, LLC v. Collins, 2011 U.S. App. LEXIS 18187 (10th Cir. Kan September 1, 2011).  A plaintiff must make specific factual allegations to support each claim.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555(2007).  A complaint must have enough allegations, taken as true, to state a claim for relief that is plausible on its face.  Id. at 570.

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles," Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris, 572 F.3d at 72 (quoting Ashcroft, 129 S. Ct. at 1949).  Second, only complaints that state a "plausible claim for relief" can survive Rule 12(b)(6). Id.  Determining whether a complaint does so is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## ARGUMENT

**A.     Defendant Paul J. Grinberg is Never Mentioned in the Complaint**

As pled, Plaintiff has failed to state a plausible claim for relief.   This pleading

requirement serves two purposes: "to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense," and "to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of 'a largely groundless claim.'" See, Pace v. Swerdlow, 519 F.3d 1067, 1076 (10th Cir. 2008).

The only facts pled by Plaintiff in his Complaint, when taken as true for the purpose of this Motion to Dismiss, merely accuse Defendant of being an officer at Midland Credit Management with authority.  See, Complaint, ¶8.

Plaintiff has pled no facts and alleged no actions committed by Defendant that substantiate any violation.

Plaintiff's claims against Defendant Paul J. Grinberg should be dismissed.

## II.   FCRA

Plaintiff asserts that Defendant is liable for the conduct alleged in his Complaint pursuant to Section 1681b(f) of the FCRA by obtaining Plaintiff's consumer report without a permissible purpose as defined by Section 1681b of the FCRA.  To prove a FCRA violation, the plaintiff must show that the user had an impermissible purpose in obtaining the credit report.  See, Kennedy v. Chase Manhattan Bank United States, NA, 369 F.3d 833, 842 (5th Cir. 2004); see also, Korotki v. Attorney Services Corp. Inc., 931 F. Supp. 1269, 1276 (D. Md. 1996). Conversely, a showing of a permissible purpose is a complete defense.  See, Advanced Conservation Sys. Inc. v. Long Island Lighting Co., 934 F. Supp. 53, 54 (E.D.N.Y. 1996).  The question of permissible purpose is a legal one and can be resolved on summary judgment.  See, Zeller v. Samia, 758 F. Supp. 775, 781-82 (D. Mass. 1991).

 Section 1681b(a) of the FCRA provides a consumer reporting agency may furnish a consumer report under the following circumstances:

(3) To a person which has reason to believe –

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, **or review or collection of an account of the consumer.**

15 U.S.C. § 1681b(a)(3)(A) (emphasis added).

Courts have routinely held that collection of a debt is a permissible purpose for seeking a consumer's credit report.  See, Huertas v. Galaxy Asset Management; 641 F.3d 28 (3rd Cir. 2011); see also, Korotki v. Thomas, Ronald & Cooper, P.A., 1997 U.S. App. LEXIS 34157 (4th Cir. 1997)(obtaining a consumer report for use in collecting an account owed by the consumer is a permissible purpose); Etefia v. Russell Collection Agency, Inc., 20 Fed. Appx. 485 (6th Cir. 2001)(holding that requesting a credit report "to review the collection of an account of a consumer" is authorized under the FCRA); Greenhouse v. TRW, Inc., 1998 U.S. Dist. LEXIS 1973 (E.D. La. Feb. 12, 1998)(FCRA authorizes a person to obtain a consumer report in connection with collection of a debt); Geer v. Medallion Homes Ltd. P'ship, No. 04-CV-71294, 2005 U.S. Dist. LEXIS 25948 (E.D. Mich. Oct. 20, 2005)(holding that "[s]ection 1681b(a)(3)(A) is interpreted to allow access to a consumer report when that access would . . . facilitate the collection of pre-existing debt.").

In sum, even taking the factual allegation in Plaintiff's Complaint as true, Defendants did not knowingly, willfully, or negligently obtain Plaintiff's credit report for a purpose that is not sanctioned by the FCRA.  Rather, Defendants obtained Plaintiff's credit report for a permissible purpose – i.e., for collection purposes.   Accordingly, Plaintiff's FCRA claims (Counts III-IV) must be dismissed with prejudice.

## III.    Constructive Fraud

"Constructive fraud has been defined as a breach of a legal or equitable duty that the law

declares to be fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests, irrespective of the moral guilt of the perpetrator." <u>See,</u> <u>Barnett v. Elite Properties of America, Inc.</u>, 252 P.3d 14, 23, 2010 Colo. App. LEXIS 689, *26 (Colo. App. 2010) (citing 37 C.J.S. Fraud § 5 (2008)).

To establish a claim for constructive fraud, a plaintiff must show (1) the existence of a duty due to a relationship between the parties; (2) violation of the duty by making deceptive material representations of past or existing facts or remaining silent when a duty to speak exists; (3) reliance thereon by the complaining party; (4) injury to the complaining party proximately caused thereby; and (5) the gaining of an advantage by the party to be charged at the expense of the complaining party. <u>See</u>, <u>Id</u>. at 24.

Plaintiff alleges Defendant initiated a pull of Plaintiff's credit report. <u>See</u>, Plaintiff's Complaint, ¶14. Plaintiff then states he witnessed Defendant's assigned agents attempt Fraud. <u>Id</u>. at ¶22. No further information is provided. As explained above, a debt collector initiating a pull of a debtor's credit has not been declared to be fraudulent. In fact, it is a permissible purpose under the FCRA.

Plaintiff has failed to allege any facts demonstrating a duty between Plaintiff and Defendant or how Defendant made any deceptive or material representation and how Plaintiff relied on such representations.

## IV.   **Unjust Enrichment**

A person is unjustly enriched when he benefits as a result of an unfair detriment to another. <u>See</u>, <u>Salzman v. Bachrach</u>, 996 P.2d 1263, 1265 (Colo. 2000). A party claiming unjust enrichment must prove that (1) the defendant received a benefit (2) at the plaintiff's expense (3) under circumstances that would make it unjust for the defendant to retain the benefit without

commensurate compensation.  Id. at 1266-67.

Defendant's alleged benefit is obtaining a copy of Plaintiff's credit report.  Plaintiff also alleges this inquiry caused him some type of damage, however, no identification of what those damages are and how they were calculated are identified.  Further, as explained above, the circumstances for which Defendant obtained a copy of Plaintiff's credit report is a permissible purpose under the FCRA.  Plaintiff cannot identify how he was harmed and why the circumstances for which Defendant pulled his credit report made it unjust for Defendant to do so.

## CONCLUSION AND RELIEF REQUESTED

For all of the above reasons, Defendant respectfully requests that this court dismiss Plaintiff's Complaint with prejudice, allow Defendant leave to seek its attorney's fees and costs and further relief as this Court deems necessary.

DATED this 21st day of December, 2012.


Respectfully submitted,

Adam L. Plotkin, P.C.

/s/ Joseph J. Lico

By: _____

Joseph J. Lico, Esq.
621 Seventeenth Avenue, Suite 1800
Denver, Colorado 802933
Telephone: (303) 302-6864
FAX: (303) 302-6864
jlico@alp-pc.com
Attorneys for Defendants


## Certificate of Service

I hereby certify that on December 21, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Notification of such filing was also sent to the following address postage prepaid via U.S. Mail:

Brian Bath

9227 E. Lincoln Avenue, #200
Lone Tree, CO  80124

By:    /s/ Joseph J. Lico
       Joseph J. Lico, Esq.